GIDEON R. DOTY, Plaintiff in error, who was Plaintiff below, *v.* WILLIAM STURDEVANT, Defendant in error, who was Defendant below.

### IN ERROR.

A replication to a plea that the note declared on had been attached as the property of the original payee, is bad, if it aver that his interest was divested at the time of the attachment, and it do not aver that it was vested in the plaintiff.

ERROR to the Common Pleas of Warren county.

This was an appeal by the plaintiff from the judgment of a justice of the peace, in which he filed a statement on the following promissory note, *which had been transferred to him by the payee:*

"For value received, I promise to pay H. R. Bates, or bearer, fifty-five dollars, to be paid in hay, to be delivered at H. R. Bates' barn in Youngsville, by the first of February next. Price per ton six dollars.

"WILLIAM STURDEVANT."

"Brokenstraw, July 27, 1843."

To which the defendant put in a plea in abatement, setting forth in substance, "that before the issuing of the said writ in this suit, to wit, on the 7th day of August, A. D. 1843, a certain writ was issued out of the Court of Common Pleas, of the county of Warren, called an alias attachment of execution with scire facias, and notice to him, the said William Sturdevant, by which said writ the sheriff of said county was commanded to attach Henry R. Bates by all and singular his goods

and chattels, rights and credits, in whose hands and possession soever the same might be found in his bailiwick. That the proceedings commenced as aforesaid by the said alias attachment of execution were pending before and at the time of the commencement of this suit, and from thence and hitherto, and still are pending in the said Court of Common Pleas of said county of Warren. And the said defendant further in fact says, that all and every of the causes and rights of action contained and specified in the writ, and declaration in this suit, are the said identical causes and rights of action existing at the time of the issuing and serving the said alias attachment of execution as above mentioned, and no other, and this the said defendant is ready to verify; whereupon he prays judgment of the said writ in this suit, and that the same may be quashed."

To this plea in abatement the plaintiff replied that he, the said plaintiff, "by reason of any thing by the said defendant in that plea alleged, ought not to be barred from having and maintaining his aforesaid action thereof against the said defendant, because he, the said plaintiff, says, that at the time of the serving of the writ of alias attachment of execution in the said plea of abatement mentioned, upon Henry R. Bates, the payer of the note, originally, upon which this suit is founded, and upon William Sturdevant, the defendant herein, the said Henry R. Bates, at the time of the said service of the said writ, had no interest in the said note, but that the interest of the said Bates, at the time aforesaid, was totally and entirely divested.".

To which replication the defendant demurred, and joinder, &c.

The court rendered judgment for the defendant, on the demurrer, which was assigned for error here.

*Galbreath,* for plaintiff in error, stated the case.
*Brown,* for defendant in error.

An execution in the nature of an attachment, under the 35th section of the act of the 16th of June, 1836, resembles a proceeding by foreign attachment, as far as the garnishee is concerned. The pendency of a foreign attachment in another state, as well as proceedings in the nature of attachment, under the act above referred to, are subject-matters pleadable in abatement. 2 Watts & Serg. 190; Sergeant on Attachments, 149; 2 Miles, 439. The same rule prevails as to a domestic attachment between the same parties. 2 Penna. Rep. 442. This suit having been brought in another name than that of the defendant in the attachment, cannot avoid the effect of the plea in abatement; and if the plaintiff claims to be the owner of the cause of action in this case, as the assignee of Bates, it is his duty to defend in the attachment

now pending, and show that he was the bonâ fide assignee of Bates before the service of the attachment upon Sturdevant. He contended that the statement and replication were defective in matter of substance. They do not aver a transfer of the note to the plaintiff, nor set out any matter with sufficient certainty. The certainty necessary in a replication is greater than that required in a declaration. 1 Chit. Pl. 686, 290, and 267.

*Pearson,* on same side, argued, that the pendency of the execution attachment was properly pleaded in abatement. That the replication, because of its generality, was bad. It ought to have stated to whom the note had been assigned. The time of service of the attachment, which ought to have been immediately, at the time it was issued, ought to have been stated; otherwise the note might have been fraudulently transferred. He contended that as the demurrer was general, the party who committed the first blunder should· have had judgment against him.

*Galbreath,* in reply.

The whole case to be considered. The statement avers the transfer to Doty. A general demurrer negatives every thing like fraud.

PER CURIAM. This replication is decisively bad. The action was brought on a promissory note, payable to Henry R. Bates or bearer, and the defendant pleaded that the debt had been attached in his hands as the property of Bates; to which the plaintiff replied, that he had no interest in the note at the time of the service of the attachment; but that " the interest of the said Henry R. Bates, at that time, was totally and entirely divested;" without giving the defendant information of the time, place, or circumstances. The averment may have been entirely true, and yet the plaintiff not entitled; for the note may, from aught that appears, have been transferred from Bates to a stranger. The replication, therefore, did not avoid the plea, and it was also a departure from the declaration. As the scire facias on the attachment was still pending, it was properly pleaded in abatement of the writ, and there was no ground for the rule that judgment is to be given on demurrer against the party who has committed the first blunder.

Judgment affirmed.